# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NIMAI RATHORE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2536-WBV-JVM** |
| **JITAO FENG, ET AL.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand, filed by plaintiffs, Nimai Rathore and Kishori Rathore.[1] The Motion is opposed.[2] After considering the briefs submitted by the parties and the applicable law, for the reasons expressed below, the Motion to Remand is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about January 24, 2019, Nimai Rathore and Kishori Rathore ("Plaintiffs") filed a Petition for Damages in Civil District Court for the Parish of Orleans, Louisiana, against Jitao Feng, Hertz Vehicles, LLC, and James River Insurance Company, seeking damages for the injuries Plaintiffs allegedly sustained as a result of a motor vehicle accident that occurred on February 10, 2018.[3] Plaintiffs allege that Nimai Rathore "sustained general damages and special damages under Louisiana law in an amount to be determined at trial in this matter," and that his

---

[1] R. Doc. 6.
[2] R. Doc. 9.
[3] R. Doc. 1-2.

wife, Kishori Rathore, "has sustained a loss of consortium in an amount to be determined at trial in this matter."[4]

On March 20, 2019, James River Insurance Company ("James River") filed a Notice of Removal, asserting this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity jurisdiction.[5] James River asserts that the parties are diverse because Plaintiffs are Louisiana citizens, James River is a citizen of Ohio and Virginia, Hertz Corporation, incorrectly named as Hertz Vehicles, LLC in the state court Petition ("Hertz"), is a citizen of Delaware and Florida and Jitao Feng is a citizen of Texas.[6] James River further asserts that the amount in controversy exceeds $75,000 based on the allegations in the Petition and Nimai Rathore's medical records, which show that he sustained injuries to his right wrist, right shoulder, right knee, neck and lower back, and also show that he has been recommended for surgical repair of his right wrist, right shoulder, and right knee.[7] James River claims that removal is timely because it was served with the state court Petition on February 18, 2019.[8] James River further asserts that Hertz, which was served on February 18, 2019, consents to the removal, and that Jitao Feng had not been served at the time of removal.[9]

On April 18, 2019, Plaintiffs filed the instant Motion to Remand, asserting that removal was procedurally defective under 28 U.S.C. § 1446(b)(2)(A) because James

---

[4] *Id.* at ¶¶ XII & XIII.
[5] R. Doc. 1.
[6] *Id.* at ¶¶ 8-10; R. Doc. 18.
[7] R. Doc. 1 at ¶¶ 12 -13.
[8] *Id.* at ¶ 2.
[9] *Id.* at ¶¶ 17, 18.

River failed to obtain and file the written consent of Jitao Feng to the removal.[10] Plaintiffs assert that Feng was served under the Louisiana long-arm statute on February 4, 2019. Plaintiffs explain that they sent Feng a certified copy of the Petition and citation by certified mail through the United States Postal Service, which marked the certified mail delivered on February 4, 2019.[11] Plaintiffs claim that after several days, Feng failed to claim the certified mail and the United States Postal Service stamped the certified mail as "Return to Sender, unclaimed, Unable to Forward" on March 13, 2019.[12] Upon receipt of the unclaimed mail, Plaintiffs' counsel executed an Affidavit of Service on March 19, 2019, confirming that long-arm service was made on Feng via certified mail, and filed it into the record of the state court proceeding at 12:15 p.m. on March 20, 2019.[13] Plaintiffs complain that they did not receive notice of the removal until two hours after the Affidavit of Service was filed in the state court proceeding.[14]

Plaintiffs argue that it is undisputed that Feng was served on February 4, 2019, pursuant to Louisiana's long-arm statute, La. R.S. 13:3204, under which service is perfected when the petition and summons are sent by registered or certified mail, regardless of whether there is a signed return receipt.[15] Plaintiffs assert that James River was put on notice of the request for service on Feng via the Louisiana long-arm statute in the state court Petition, yet never asked Plaintiffs' counsel whether service

---

[10] R. Doc. 6.
[11] R. Doc. 6-3 at p. 8 (*citing* R. Doc. 6-4).
[12] R. Doc. 6-3 at p. 8 (*citing* R. Doc. 6-4).
[13] R. Doc. 6-3 at p. 8 (*citing* R. Doc. 6-8).
[14] R. Doc. 6-3 at p. 9.
[15] *Id*. at pp. 17-18.

on Feng had been effected.[16] Plaintiffs argue that James River could have easily complied with the "Rule of Unanimity" set forth in 28 U.S.C. § 1446(b)(2)(A) by asking Plaintiffs' counsel about the status of service on Feng, and that there are no exceptional circumstances in this case to excuse James River from obtaining Feng's consent to removal.[17] As such, Plaintiffs argue that the case must be remanded back to state court.

James River opposes the Motion, arguing that removal was proper and that it did not need to obtain Feng's consent to removal because Feng had not been served when the Notice of Removal was filed.[18] James River asserts that Feng was never properly served because Feng is an active duty serviceman in the Naval Reserves, and Plaintiffs failed to follow the requisite procedure for serving a member of the United States Navy, as set forth in 32 C.F.R.§ 720.20.[19] James River claims that under § 720.20, Plaintiffs must obtain the consent of Feng's commanding officer in the Kingdom of Bahrain to serve the Petition and Citation, which Plaintiffs failed to do. James River asserts that Plaintiffs also failed to perfect service on Feng under Louisiana's long-arm statute, La. R.S. 13:3204, because Plaintiffs attempted to serve Feng at an incorrect address, sending it by certified mail to Feng's address in Arlington, Texas while he was stationed at the ISA Air Base in the Kingdom of Bahrain.[20] James River admits that Feng was a resident of Texas at the time of the

---

[16] *Id.* at pp. 18-19.
[17] *Id.* at pp. 19-21.
[18] R. Doc. 9.
[19] R. Doc. 9 at pp. 5-6.
[20] *Id.* at pp. 7-8.

underlying accident, but that he began active duty service on August 16, 2018, and that as of April 30, 2019, he was still on active duty and stationed in the Kingdom of Bahrain.[21] The state court action was filed on January 24, 2019, when Feng was on active military duty. James River notes that Plaintiffs never sought the appointment of a special process server under La. R.S. 13:3204(B), nor did they confirm that they had attempted to serve Feng at the correct address, even after their certified mail was returned unclaimed. James River cites several Louisiana cases, where service was attempted at an incorrect address listed in the accident report, for the proposition that service on an incorrect address does not constitute proper service.[22]

Even if Feng had been properly served, James River argues his consent was not required under a narrow exception to the rule of unanimity, where the removing defendant was unaware at the time of removal that another defendant had been served because the return of service was filed in the state court proceeding just hours before the Notice of Removal was filed.[23] James River asserts that the *Milstead* court, which recognized the exception, reasoned that consent to removal is required for defendants who have been served and whom the removing defendants actually knew or should have known had been served.[24] James River claims that it filed the Notice

---

[21] *Id.* at p. 2 (*citing* R. Doc. 9-1).
[22] R. Doc. 9 at pp. 7-11 (citing *Legeaux v. Borg-Warner Corp.*, Civ. A. No. 16-13773, 2016 WL 6166166 (E.D. La. Oct. 24, 2016); *Joseph v. USA Truck, Inc.*, Civ. A. No. 17-242, 2017 WL 3687661 (M.D. La. June 28, 2017) *report and recommendation adopted*, Civ. A. No. 17-242, 2017 WL 3670148 (M.D. La. Aug. 24, 2017); *Grace v. Myers*, Civ. A. No. 15-300, 2015 WL 4939893 (M.D. La. Aug. 18, 2015); *Kelly v. Arch Ins. Co.*, Civ. A. No. 15-00772, 206 WL 3951424 (M.D. La. June 9, 2016), *report and recommendation adopted*, 2016 WL 3951391 (M.D. La. July 21, 2016)).
[23] R. Doc. 9 at p. 12 (citing *Milstead Supply Co. v. Casualty Insur. Co.*, 797 F.Supp. 569 (W.D. Tex. 1992)).
[24] R. Doc. 9 at p.12 (citing *Milstead*, 797 F.Supp. at 573).

of Removal prior to Plaintiffs filing an Affidavit of Service into the state court proceeding regarding service on Feng.[25] James River further asserts that there was nothing in the state court record that would have alerted it to the fact that Feng may have been served or that it needed to obtain Feng's consent for removal when it filed the Notice of Removal. James River notes that the Notice of Removal was filed sixteen minutes before Plaintiffs filed the Affidavit of Service into the state court record.[26]

On December 17, 2019, the Court held a status conference, during which the Court issued an oral Order requiring the parties to file supplemental memoranda regarding whether service of process on Jitao Feng on February 4, 2019, was proper under Louisiana's long-arm statute, La. R.S. 13:3204, in light of the federal regulation regarding service of process upon active duty members of the United States Navy, 32 C.F.R. § 720.20.[27] Pursuant to the Court's Order, Plaintiffs filed a Supplemental Memorandum in Support of Motion to Remand on January 2, 2020.[28] Instead of addressing whether long-arm service on Feng was proper, however, Plaintiffs merely assert the following:

> Plaintiffs have no information to refute the documents filed by James River that Mr. Feng was a deployed member of the United States Navy at the time of the long arm service. Moreover, Plaintiffs are not aware of any legal authority to refute that the procedure for serving process on an active

---

[25] R. Doc. 9 at p. 1.
[26] *Id.* at pp. 4, 13 (*citing* R. Docs. 6-8 & 9-3).
[27] R. Doc. 42.
[28] R. Doc. 43.

duty member of the United States Navy is set forth in 32 C.F.R.720.20.[29]

James River also submitted a Supplemental Memorandum, pointing out that Plaintiffs have offered no evidence to contradict its assertion that Jitao Feng was on active duty in the United States Navy at the time Plaintiffs attempted service, and that Plaintiffs admit that the procedure for serving an active duty member of the United States Navy is set forth in 32 C.F.R. 720.20.[30] James River maintains that because Plaintiffs failed to comply with the procedure set forth in that regulation, Feng was not property served at the time of removal and his consent to removal was, therefore, not required. As such, James River argues that Plaintiffs' Motion to Remand should be denied.

## II. LAW AND ANALYSIS

### A. Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[31] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[32] If consent of all served defendants is not timely obtained, the removal is procedurally defective.[33] Additionally, when original jurisdiction is based on diversity of

---

[29] *Id.* at p. 2.
[30] R. Doc. 46.
[31] 28 U.S.C. § 1441(a).
[32] 28 U.S.C. § 1446(b)(2)(A).
[33] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); *see also Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").

citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[34] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[35] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[36] The removing party has the burden of proving federal diversity jurisdiction.[37] Remand is proper if at any time the court lacks subject matter jurisdiction.[38]

### B. Removal Was Proper

The issue before the Court is a narrow one: whether defendant, Jitao Feng, was properly served with the state court Petition for Damages prior to removal, thereby requiring James River to obtain Feng's consent to the removal. The Court finds that Feng was not properly served at the time of removal and, therefore, his consent to removal was not necessary. In the Motion to Remand, Plaintiffs argue that Feng was properly served on February 4, 2019, pursuant to the Louisiana long-arm statute by sending a copy of the state court Petition to his home address via certified mail, even though the certified mail was marked "unclaimed" and returned to Plaintiffs on March 13, 2019. Shortly after removal, however, James River submitted evidence to show that as of April 30, 2019, Feng was on active duty status

---

[34] 28 U.S.C. § 1332(a)-(a)(1). There is no dispute that the amount in controversy requirement is satisfied in this case.
[35] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[36] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[37] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[38] *See* 28 U.S.C. § 1447(c).

in the United States Navy Reserves, with an active duty begin date of August 16, 2018.[39] James River also submitted evidence showing that Feng was deployed to ISA Air Base in Bahrain, and that Feng was not scheduled to return to the United States until approximately May 8, 2019.[40] As such, James River argues that Feng was never properly served with the state court Petition because Plaintiffs failed to comply with 32 C.F.R. § 720.20, which sets forth specific requirements for service of process upon personnel in the United States Navy. Plaintiffs do not dispute this evidence.

In their Supplemental Memorandum in Support of Motion to Remand, Plaintiffs <u>expressly concede</u> the following:

> Plaintiffs have no information to refute the documents filed by James River that Mr. Feng was a deployed member of the United States Navy at the time of the long arm service. Moreover, Plaintiffs are not aware of any legal authority to refute that the procedure for serving process on an active duty member of the United States Navy is set forth in 32 C.F.R. 720.20.[41]

Thus, Plaintiffs do not dispute the fact that Feng was deployed at the time Plaintiffs attempted service under the Louisiana long-arm statute, or that the proper mechanism for confecting service upon Feng during his deployment overseas is set forth in 32 C.F.R. § 720.20. Because Plaintiffs failed to comply with the procedures set forth in that regulation, the Court finds that Feng was not properly served at the time of removal. Accordingly, his consent to the removal was not necessary, and James Rivers' removal of this matter was proper.

---

[39] R. Doc. 9-1.
[40] R. Doc. 9-2.
[41] R. Doc. 43, at p. 2.

The Court further notes that Plaintiffs were presented with evidence regarding Feng's overseas deployment and the proper mechanism by which to serve an active duty service member in the United States Navy on May 13, 2019, when James River filed its Opposition brief to the Motion to Remand. However, instead of withdrawing the Motion to Remand or submitting evidence or legal argument to refute the evidence submitted by James River, Plaintiffs have forced the parties and this Court to expend significant time and energy addressing arguments that Plaintiffs now admit lack merit. The Court, therefore, feels compelled to remind counsel of their obligation under Rule 11 of the Federal Rules of Civil Procedure to not file pleadings for any improper purpose, such as to cause unnecessary delay or the needlessly increase the cost of litigation. Violations of Rule 11 can result in sanctions, as specifically set forth in Rule 11(c).

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Remand[42] is **DENIED.**

New Orleans, Louisiana, February 6, 2020.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[42] R. Doc. 6.